IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GLENN J. WHITT,
        Plaintiff,

v.                                                  Civil Action No. 1:04CV104

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,
        Defendant.

## REPORT AND RECOMMENDATION IN RESPONSE TO REMAND ORDER

### I. Introduction

Plaintiff, Glenn J. Whitt, (Claimant), filed his Complaint on May 26, 2004 seeking Judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, Commissioner of Social Security, (Commissioner).[1] Commissioner filed her Answer on August 4, 2004.[2] Claimant filed his Motion for Summary Judgment on October 8, 2004.[3] Commissioner filed her Motion for Summary Judgment on November 4, 2004.[4] Claimant filed his Amended Motion for Summary Judgment and Memorandum in Support Thereof on July 1, 2005.[5] On July 11, 2005 the Undersigned recommended that Claimant's Motion for Summary Judgement be denied because the ALJ was substantially justified in his decision. Specifically, the ALJ properly assessed Claimant's credibility. Also, the ALJ properly evaluated the medical opinions of record. In addition, the ALJ properly

---

[1] Docket No. 1.

[2] Docket No. 7.

[3] Docket No. 13.

[4] Docket No 15.

[5] Docket Nos. 17, 18, and 19.

acknowledged Claimant's limitations in his RFC. On July 18, 2005 Claimant filed objections and exceptions to the Undersigned's Report and Recommendation. On August 1, 2005 The Honorable Frederick P. Stamp, Jr. remanded the case to the Undersigned for further consideration of the issues raised by the Claimant in section 4 of his objections and originally raised in the Claimant's brief in support of his motion for summary judgment. The specific issues raised in section 4 of the objections were whether, the ALJ posed a proper hypothetical to the VE, the ALJ properly applied SSR 96-2b and 96-6b, the ALJ considered the combined synergistic effect of Claimant's multiple mental and physical impairments and the ALJ properly applied or failed to apply SSR 96-8b in assessing the Claimant's RFC.

**II. Discussion**

A. Section 4. of Claimant's Objections

### 1.  Proper Hypothetical to the VE

Claimant maintains that the Undersigned's "Report and Recommendation failed to complete [sic] address the issue of the adequacy of the hypothetical question posed to the VE and ultimately relied upon by the ALJ, an issue addressed specifically and in detail in [Claimant's] Supplemental Brief in Support of Amended Motion for Summary Judgment." (Plaintiff's Objections and Exceptions to Report and Recommendation of the Magistrate Judge, p. 4). However, the objections did not state how the Report and Recommendation failed to address the adequacy of the hypothetical question other than a passing reference to Claimant's Supplemental Brief in Support of amended motion for summary judgment.

In Claimant's Supplemental Memorandum, he does say that the ALJ did not include significant upper extremity dysfunction nor his poor ability to relate predictably in social

situations. (Page 10, paragraph 1).

Then Claimant's Supplemental Memorandum in the next paragraph says that the hypothetical included a poor ability to relate predictably to social situations. (Page 10, paragraph 2).

First, the testimony of the VE as to the upper extremity dysfunction was that it would eliminate all of the jobs except that of surveillance system monitor for sedentary. (Tr. 502). So there is in the record, even assuming the upper extremity dysfunction, a substantial basis for the ALJ's opinion.

Second, the hypothetical expressly includes primarily working with things rather than people. (Tr. 499). There are such jobs. So there is in the record, even assuming poor adaptability to social situations, a substantial basis for the ALJ's opinion. One need not be socially gifted to be a surveillance system monitor.

## **2. SSR 96-2b and 96-6b**

Claimant maintains that the Undersigned's Report and Recommendation failed to discuss whether the ALJ properly applied SSR96-2 and 96-6p as raised in Claimant's original brief. (Pl. Objections and Exceptions to Report and Recommendation of the Magistrate Judge, p. 4). Claimant's Brief was somewhat lacking of a discussion section. Claimant's entire discussion of SSR96-2b and 96-6b consists of the following: "III. That the ALJ failed to properly apply 96-2p and 96-6p in determining various medical and nonmedical opinions as to the ability to perform work related functions on a sustained basis in any job in the regional and national economy. 20 CFR 416.1527". Claimant's Brief did not include specific references, by page number, to the portions of the record he alleged were deficient and the portions that supported his claims, contentions, or

3

arguments as required by L.R. Gen 83.12(f). "Claims or contentions by the plaintiff alleging deficiencies in the Administrative Law Judge's consideration of claims or alleging mistaken conclusions of fact of law and contentions or arguments by the Commissioner, supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments." L.R. Gen. P. 83.12(f) (emphasis added).

On June 1, 2005 the Undersigned Ordered Claimant to file a pleading including a specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or arguments. Claimant filed his Supplemental Memorandum in Support of Amended Motion for Summary Judgment on July 1, 2005 devoid of specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or argument that the ALJ failed to properly apply 96-2p and 96-6p in determining various medical and nonmedical opinions as to the ability to perform work related functions on a sustained basis in any job in the regional and national economy.

Claimant did not specify what SSR 96-2p is or what part of SSR 96-2p he found relevant to his case. Also, Claimant did not specify what SSR 96-6p is or what part of SSR96-6p he found relevant to his case. SSR 96-2p deals with according controlling weight to treating sources. SSR 96-6p deals with State Agency medical and psychological consultants and other program physicians and psychologists at the ALJ and Appeals Council levels of administrative review. Claimant's brief did not, and his supplemental brief still does not, explain what about the way the ALJ analyzed the treating source opinion he disagreed with. Also, Claimant's brief did not, and his supplemental brief still does not, explain what, about the way the ALJ analyzed the State Agency medical and

psychological consultants and other program physicians and psychologists at the ALJ and Appeals Council levels of administrative review, he disagreed with. Unlike the Claimant, the ALJ detailed the Claimant's impairments (TR 20-27) and the source in the record for those impairments. Claimant provides nothing from the record relevant to his references to SSR96-2p and SSR 96-6p.

### 3. **Combined synergistic effect of Claimant's multiple mental and physical impairments**

Claimant maintains that the Undersigned's Report and Recommendation failed to discuss whether the ALJ considered the combined synergistic effect of Plaintiff's multiple mental and physical impairments as raised in Claimant's original brief. (Pl. Objections and Exceptions to Report and Recommendation of the Magistrate Judge, p. 4). Claimant's original Brief was somewhat lacking of a discussion section. Claimant's entire discussion of combined synergistic effect of Plaintiff's multiple mental and physical impairments consists of the following: "IV. The ALJ failed to consider the combined effect of the claimant's multiple physical and mental impairments, nor did he consider the synergistic effect of Plaintiff's combined impairments and the effects thereof on his ability to work on a sustained basis in any job within the regional and national economy, as required by the Court in the case of Cook v. Heckler, 783 F.2d 1168 (4th Cir. 1986); Alderman v. Chater, 40 F. Supp. 2d 367 (N.D.W. Va. 1998); DeLloatche v. Heckler, 715 F.2d 148 (4th Cir. 1983) and Walker v. Bowen, 889 F.2d 47 (4th Cir. 1988)." Claimant's Brief did not include specific references, by page number, to the portions of the record he alleged were deficient and the portions that supported his claims, contentions, or arguments as required by L.R. Gen 83.12(f). "Claims or contentions by the plaintiff alleging deficiencies in the Administrative Law Judge's consideration of claims or alleging mistaken conclusions of fact of law and contentions or arguments by the Commissioner, supporting the ALJ's conclusions of

5

fact or law **must include a specific reference, by page number, to the portion of the record** which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments." L.R. Gen. P. 83.12(f) (emphasis added).

On June 1, 2005 the Undersigned Ordered Claimant to file a pleading which includes a specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or arguments. Claimant filed his Supplemental Memorandum in Support of Amended Motion for Summary Judgment on July 1, 2005 devoid of specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or argument that the ALJ failed to consider the combined effect of the Claimant's multiple physical and metal impairments, or the synergistic effect of Claimant's combined impairments and the effects thereof on his ability to work on a sustained basis in any job within the regional and national economy.

Claimant's brief did not, and his supplemental brief still does not, support the contention that the ALJ failed to consider the combined effect of Claimant's multiple physical and mental impairments. Claimant did not specify which physical and/or mental impairments the ALJ allegedly failed to consider. Claimant did not specify what, the synergistic effect of Plaintiff's combined impairments and the effects thereof on his ability to work on a sustained basis in any job within the regional and national economy, are, let alone how the ALJ failed to consider them. Unlike the Claimant, the ALJ made a detailed listing of Claimant's impairments (Tr 20-27) and the source in the record for those impairments. It is not enough for the Claimant just to disagree with the ALJ's decision with conclusionary allegations. The Claimant must set forth the part of the record supporting Claimant's position. Claimant references nothing in the record to support

his claims. The Undersigned's Report and Recommendation discussed Claimant's psychological impairments and Claimant's physical impairments related to his upper extremity limitation and concluded that the ALJ properly analyzed both. (Report and Recommendation, p. 20-22).[6]

### 4. SSR 96-8b in assessing the Claimant's RFC

Claimant maintains that the Undersigned's Report and Recommendation failed to discuss whether the ALJ properly applied or failed to apply SSR96-8p in assessing Claimant's Residual Functional Capacity (RFC) as raised in Claimant's original brief. (Pl. Objections and Exceptions to Report and Recommendation of the Magistrate Judge, p. 4). Claimant's original Brief was somewhat lacking for a discussion section. Claimant's entire discussion of SSR96-8p and Claimant's RFC consists of the following: "V. The ALJ failed to properly apply 96-8p in assessing the residual functional capacity of the Plaintiff when there are functional limitations or restrictions caused by established medical impairments as evidence by the record and their related symptoms resulting in exertional and nonexertional limitations. 20 CFR 416.945, SSR 96-4, 96-6p and 96-8p." Claimant's Brief did not include specific references, by page number, to the portions of the record he alleged were deficient and the portions that supported his claims, contentions, or arguments as required by L.R. Gen 83.12(f). "Claims or contentions by the plaintiff alleging deficiencies in the Administrative Law Judge's consideration of claims or alleging mistaken conclusions of fact of law and contentions or arguments by the Commissioner, supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments." L.R. Gen. P. 83.12(f)

---

[6] Docket No. 20.

(emphasis added).

On June 1, 2005 the Undersigned Ordered Claimant to file a pleading which includes a specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or arguments. Claimant filed his Supplemental Memorandum in Support of Amended Motion for Summary Judgment on July 1, 2005 devoid of specific reference, by page number, to the portions of the record he alleged were deficient and the portions that support his claims, contentions, or argument that the ALJ failed to properly apply 96-8p in assessing Claimant's RFC.

Claimant did not specify what SSR 96-8p is or what part of SSR 96-8p he found relevant to his case. SSR96-8p deals with assessing residual functional capacity in initial claims. Claimant's argument was that the ALJ failed to properly apply 96-8p in assessing the residual functional capacity of the Plaintiff when there are functional limitations or restrictions caused by established medical impairments as evidence by the record and their related symptoms resulting in exertional and nonexertional limitations. 20 CFR 416.945, SSR 96-4, 96-6p and 96-8p. Claimant did not address what functional limitations or restrictions were supported by the record. Claimant did not address what medical evidence was evidenced by the record that supported his claim. Claimant did not address what exertional and nonexertional limitations he found supported by the record. Claimant did not explain or adequately argue how the ALJ's RFC assessment was flawed.

The ALJ made express findings as to Claimant's RFC. (Tr. 29). A RFC is what Claimant can still do despite her limitations. 20 C.F.R. §§ 404.1545, 416.945. RFC is an assessment based upon all of the relevant evidence. Id. It may include descriptions of

limitations that go beyond the symptoms, such as pain, that are important in the diagnosis and treatment of Claimant's medical condition. Id. Observations by treating physicians, psychologists, family, neighbors, friends, or other persons, of Claimant's limitations may be used. Id. These descriptions and observations must be considered along with medical records to assist the SSA to decide to what extent an impairment keeps a Claimant from performing particular work activities. Id. This assessment is not a decision on whether a Claimant is disabled, but is used as the basis for determining the particular types of work a Clamant may be able to do despite their impairments. Id. As was discussed in the Undersigned's Report and Recommendation the ALJ properly analyzed Claimant's credibility, and properly assessed Claimant's mental and physical limitations. Therefore, the ALJ properly determined Claimant's RFC and there is substantial evidence to support the ALJ's decision.

B.  Arguments raised in Claimant's Brief in Support of his Motion for Summary Judgment.

Those arguments have been addressed in Section A when referred to in Section 4 of Claimant's objections.

**IV. Recommendation**

It would be helpful to the Undersigned if in the future Claimant's attorney would specify what her claims or contentions are and would include specific references, by page number, to the portion of the record she finds fault with in accordance with L.R. Gen. P. 83.12(f)

For the foregoing reasons, I recommend that Claimant's Motion for Summary Judgment be DENIED and that Commissioner's Motion for Summary Judgment be GRANTED because the ALJ was substantially justified in his decision. Specifically, the Undersigned's Report and Recommendation adequately responded to Claimant's substantive issues with the hypothetical

question. Also, Claimant's brief totally lack an argument for his claims that the ALJ failed to properly apply SSR 96-2b and 96-6b, that the ALJ failed to consider the combined synergistic effect of Claimant's multiple mental and physical impairments and that the ALJ failed to properly apply SSR 96-8b in assessing the Claimant's RFC.

Any party who appears *pro se* and any counsel of record, as applicable, may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to parties who appear *pro se* and any counsel of record, as applicable.

DATED: August 15, 2005

/s/ James E. Seibert

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE