IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GLENN J. WHITT,

    Plaintiff,

v.                                        Civil Action No. 1:04CV104
                                                      (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On July 11, 2005, Magistrate Judge James E. Seibert submitted a report and recommendation indicating that the plaintiff's motion for summary judgment in the above-styled civil action be denied and that the defendant's motion for summary judgment be granted. The plaintiff filed objections to the magistrate judge's report and recommendation on the following issues: (1) Administrative Law Judge's ("ALJ") process for evaluating credibility; (2) ALJ's failure to give weight to the evaluation of Stewart and Posey; (3) ALJ failed to properly assess plaintiff's significant upper extremity dysfunction and limitations. The plaintiff also indicated that the magistrate judge failed to address several errors raised in the plaintiff's motion for summary judgment. Consequently, this Court remanded the case to the magistrate judge for further discussion of (1) whether the ALJ properly applied SSR

96-2b and 96-6b, (2) whether the ALJ considered the combined synergistic effect of plaintiff's multiple mental and physical impairments and (3) whether the ALJ properly applied or failed to apply SSR 96-8b in assessing the plaintiff's Residual Functional Capacity ("RFC"). On August 15, 2005, the magistrate judge entered a second report and recommendation addressing issues raised on remand.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections on August 24, 2005 to the magistrate judge's second report and recommendation. Specifically, the plaintiff objects to the following: (1) the magistrate judge's finding that plaintiff did not include specific references to the record or identify where the ALJ's decision was deficient, (2) the finding that the hypothetical question relied upon by the ALJ was proper, (3) the finding that the ALJ failed to consider the synergistic effect of the plaintiff's combined limitations, (4) the finding that the ALJ appropriately set forth the plaintiff's RFC, (5) any decision made based one "any shortcomings in expressing Plaintiff's position" rather than "the record as a whole."

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. See <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>Webb v. Califano</u>, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews <u>de novo</u> the magistrate judge's findings to which the plaintiff has objected. All other findings of the magistrate judge are reviewed for clear error.

## II. <u>Facts</u>

On October 1, 1998, the plaintiff filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). This initial application was denied and the plaintiff filed a second application for SSI payments for disabilities since September 1, 1998. Following a hearing on May 29, 2002 and on November 21, 2002, an ALJ found the plaintiff was not disabled within the meaning of the Social Security Act and denied the claim. On March 26, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision.

3

III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."

4

Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In

reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

As stated above, the plaintiff objects to (1) the ALJ's process for evaluating credibility; (2) the ALJ's failure to give weight to the evaluation of Stewart and Posey; (3) the ALJ's failure to properly assess plaintiff's significant upper extremity dysfunction and limitations; (4) the magistrate judge's finding that plaintiff did not include specific references to the record or identify where ALJ's decision was deficient, (5) the finding that the hypothetical question relied upon by the ALJ was proper, (6) the finding that the ALJ failed to consider the synergistic effect of the plaintiff's combined limitations, (7) the finding that the ALJ appropriately set forth the plaintiff's RFC, (8) any decision made based on "any short-comings [of the plaintiff's attorney] in expressing Plaintiff's position" rather than "the record as a whole." We address each of these below.

A. Review of Record and References to the Record

This Court first addresses the plaintiff's comments regarding references to the record and review of the record as a whole. As indicated above, this Court is required to make a de novo review of those portions of the magistrate judge's findings to which

objection is made.  28 U.S.C. § 636(b)(1)(C).  On issues where no objection has been made, this Court reviews the magistrate judge's report and recommendation for clear error.  See Orpiano, 687 F.2d at 47.  Notwithstanding the particular standard being applied, this Court recognizes its duty to carefully examine and consider the entire record when reviewing any final decision of the Commissioner.  42 U.S.C. § 405(g); see Anderson v. Schweiker, 651 F.2d 306, 308 (5th Cir. 1981)(recognizing duty to review entire record).

In addition, plaintiff's counsel has a duty to comply with the local rules of this Court, which require "claims or contentions by the plaintiff alleging deficiencies in the Administrative Law Judge's consideration of claims or alleging mistaken conclusions of fact of law and contentions or arguments by the Commissioner, supporting the ALJ's conclusion of fact or law must include a specific reference, by page number, to the portion of the record which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments."  LR Gen P 83.12(f).  Plaintiff's counsel recognizes in plaintiff's latest objections that she was ordered to submit a supplemental memorandum in this action to reference the record.  The fact that such a supplemental memorandum was required indicates that the plaintiff failed to abide by the local rules in plaintiff's initial

motion for summary judgment. Counsel in all cases should make every effort to comply with the local rules.

B    Credibility

Plaintiff argues that the ALJ did not provide sufficient "specific reasons" to support the ALJ's finding on the plaintiff's credibility as required by SSR 96-7p. This Court finds the plaintiff's objection to be without merit. The ALJ properly considered the credibility of the plaintiff pursuant to the entire record after finding that some objective evidence supported the plaintiff's subjective testimony. See Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). However, the ALJ found substantial evidence from the record to support a finding that the plaintiff was not credible. For example, as stated by the magistrate judge, the plaintiff's testimony was not consistent with the plaintiff's ability to shovel snow, his ability to perform yard work, and his ability to work on a car. (Tr. 28-29). In addition, the plaintiff's testimony concerning his seizures was in direct conflict with the testimony of Dr. Nevada, who indicated that the plaintiff had been seizure-free for a period of time. (Tr. 29, 470, 483). Accordingly, this Court finds the ALJ's determination regarding the plaintiff's credibility complied with SSR 96-7p and was supported by substantial evidence from the record.

C.  Stewart/Posey

Plaintiff objects that the ALJ failed to give appropriate weight to a psychological evaluation conducted Wilda Posey, M.A. Essentially, the plaintiff argues that the ALJ's RFC failed to consider appropriate limitations indicated in Posey's evaluation. This Court disagrees.  The ALJ extensively reviewed the analysis of Posey, articulating the findings in that report and noting that Posey found the plaintiff had a "mild degree of limitation in activities of daily living, a marked degree of limitation in maintaining social functioning, no degree of limitation in maintaining concentration, persistence or pace, and no repeated extended episodes of decompensation."  (Tr. 21).  The ALJ also considered evidence from psychological evaluator Cherie Zeigler and a State Agency Reviewer which contradicted Posey's evaluation. Moreover, in determining the plaintiff's RFC, the ALJ found that the plaintiff "must perform entry level, low stress work with one or two step routine, repetitive tasks, working primarily with things rather than people." (Tr. 29).  Thus, the ALJ incorporated mental limitations that were supported by substantial evidence in the record.  Accordingly, this Court finds no merit in the plaintiff's objection regarding Stewart/Posey.

D.  Upper Extremity Dysfunction

Plaintiff argues that the ALJ appropriately consider "evidence of severe carpal tunnel syndrome despite a surgical release and

9

right arm and right shoulder dysfunction as well as references to possible Myotonic Dystrophy." (First Objection at 4.) The plaintiff objects to the magistrate judge's report and recommendation, contending that the report "provides no basis for upholding the ALJ's review on this particular issue." Id. This Court disagrees. As the magistrate judge finds, the ALJ appropriately considered the opinion of Joe Boyce, M.D., who diagnosed the plaintiff with carpal tunnel syndrome. The ALJ relied, in part, on Dr. Boyce's diagnosis when presenting limitations to the VE. (Tr. 29.) In addition, the ALJ considered a report from Shiv U. Navada, M.D., stating that "[h]e opined that the possibility of mytonic dystrophy had been entertained, but because the claimant had no atrophy of distal muscles, no percussion myotonia was identified, and electromyography was not supportive of myopathy . . ." (Tr. 25.) In addition, the ALJ reviewed activities performed by the plaintiff, including his work on cars and shoveling snow, that indicated that his upper extremity limitations were not as severe as the plaintiff, himself, indicated. Accordingly, this Court finds the ALJ's finding with regard to the plaintiff's upper extremity limitations to be supported by substantial evidence.

E. <u>Synergistic Effect of Combined Limitations, Plaintiff's RFC and ALJ's Hypothetical</u>

Plaintiff argues that the ALJ and magistrate judge failed to consider the combined mental and physical limitations of the plaintiff. The plaintiff relies primarily on testimony by the vocational expert ("VE") on cross-examination regarding alleged problems with the plaintiff's dominant right hand and arm. In response to questions from counsel, the VE testified that the plaintiff would be limited physically to surveillance system monitor. Plaintiff objects that plaintiff's mental limitations make surveillance system monitoring impossible. The plaintiff's argument is without merit because the ALJ properly found the plaintiff's testimony regarding problems in his dominant right hand and arm to be not credible in light of plaintiff's other testimony regarding auto repair work. (Tr. 30-31.) Therefore, the ALJ properly considered physical limitations supported by the record when he found that plaintiff could perform duties as a laundry folder, a hand packer and an inspector/checker.

Similarly, this Court finds that substantial evidence supports the ALJ's RFC and subsequent hypothetical questions. For reasons stated above, the ALJ correctly considered the plaintiff's mental and physical limitations. The ALJ then determined that the plaintiff could perform light sit/stand work, entry level, low stress work with one or two step routines, work that involved

11

things rather than people, and work that required primarily gross grasping as opposed to fine manipulation. Following these limitations, all supported by substantial evidence as explained above, the ALJ posed proper hypothetical questions to the VE. Accordingly, this Court finds the plaintiff's objections to be without merit.

V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS all of the magistrate judge's recommendations. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    September 26, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE